BEFORE THE SECOND DIVISION, SEPTEMBER 1, 1964

No. 68749.—Ayrton Metal Co. et al. *v.* United States, protests 238067–K, etc. (New York).

LAWRENCE, Judge: The collector of customs classified certain imported merchandise as lead scrap which is made dutiable upon the basis of its lead content. Duty was levied, accordingly, at the rate of 1⁄16 cents per pound pursuant to the provisions of paragraph 392 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 392), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

Plaintiffs claim by its protests or by amendment thereof that the commodity is entitled to free entry, by virtue of Public Law 869, 81st Congress, 2d session, 86 Treas. Dec. 27, T.D. 52656, as extended from time to time.

The case has been submitted for decision upon an agreed statement of facts which so far as pertinent here reads as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiffs and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed *PG* by Examiner *Philip Grossman* on the invoices accompanying the entries covered by the protests listed in the Schedule A below, which Schedule A is made a part of this stipulation, and assessed with duty at 1⁄16¢ per pound on the lead content under Paragraph 392, Tariff Act of 1930 as modified, T.D. 52739, consist of lead alloy scrap (not lead scrap) composed of waste, defective or refuse batteries or battery plates fit only to be remanufactured.

\*      \*      \*      \*      \*      \*      \*

SCHEDULE "A"

| Protest number | Plaintiff | | | | Entry No. |
|---|---|---|---|---|---|
| 238067 K–22620 | Ayrton Metal Co. Inc. | | | | 724205 |
| "            " | "        | "   | "   | "   | 714105 |
| 244206 K–3002 | "        | "   | "   | "   | 917133 |
| 251771 K–17408 | "        | "   | "   | "   | 843258 |
| 298199 K–7182 | "        | "   | "   | "   | 846413 |

Paragraph 392 of the Tariff Act of 1930, as modified, *supra*, reads as follows:

Lead bullion or base bullion, lead in pigs and bars, lead dross, reclaimed lead, scrap lead, antimonial lead, antimonial scrap lead, type metal, Babbitt metal, solder, all alloys or combinations of lead not specially provided for__1⁄16¢ per lb. on lead content

The pertinent provisions of Public Law 869 read—

Sec. 1.   (a)   No duties or import taxes shall be levied, collected, or payable under the Tariff Act of 1930, as amended, or under section 3425 of the Internal Revenue Code with respect to metal scrap, or relaying and rerolling rails.

(b)   The word "scrap", as used in this Act, shall mean all ferrous and nonferrous materials and articles, of which ferrous or nonferrous metal is the component material of chief value, which are second-hand or waste or refuse, or are obsolete, defective or damaged, and which are fit only to be remanufactured.

Extensions of Public Law 869, *supra*, applicable to the importations in controversy, are Public Law 535 (T.D. 53068), Public Law 221 (T.D. 53316), and Public Law 678 (T.D. 53585). Each of the above extensions of Public Law 869 contains a proviso to the effect that the act shall not apply to lead scrap.

The parties having stipulated and agreed that the subject merchandise is not lead scrap which is specifically denied the benefits of Public Law 869, but consists of lead alloy scrap composed of waste, defective or refuse batteries or battery plates fit only to be remanufactured, it falls squarely within the provisions of section 1(b) of Public Law 869 above quoted.

For the reasons above stated, we find and hold that the merchandise in controversy is entitled to free entry pursuant to the provisions of Public Law 869, *supra*, as claimed by plaintiffs.

The protests are sustained, and judgment will issue in accordance with the views above expressed.